UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANZHIN KHAIDAPOV, | ) | |
| | ) | |
|     *Petitioner/Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| PAM BONDI, Attorney General | ) | |
| of the United States; | ) | |
| KRISTI NOEM, Secretary of the | ) | |
| Department of Homeland Security; | ) | |
| TODD M. LYONS, Acting Director | ) | |
| of U.S. Immigration and | ) | |
| Customs Enforcement; | ) | |
| U.S. IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT; and | ) | |
| SAMUEL OLSEN, Field Office Director, | ) | |
| ICE Enforcement and Removal | ) | |
| Operations, Chicago Field Office, | ) | |
| | ) | |
|     *Respondents/Defendants*. | ) | |

**COMPLAINT/PETITION FOR A WRIT OF HABEAS CORPUS
(28 U.S.C. § 2241), DECLARATORY RELIEF, EMERGENCY
TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION**

**I. INTRODUCTION**

1.    Petitioner Ranzhin Khaidapov brings this action to challenge his sudden and unlawful detention by U.S. Immigration and Customs Enforcement ("ICE") after years of compliance with DHS supervision, parole into the United States, and a pending application with USCIS. Petitioner previously was paroled into the United

1

States together with his wife and now 13-year-old daughter and filed an affirmative I-589 asylum application (before a notice to appear ("NTA") was issued by the Department of Homeland Security), has never been placed in removal proceedings, has no criminal history, and has always complied with ICE reporting requirements.

2. On February 17, 2026, Petitioner appeared for a routine ICE reporting appointment as directed in Chicago, Illinois at 101 W. Ida B. Wells Chicago, Illinois 60605. Without warning and without any identified change in circumstances, ICE took Petitioner into custody and has taken him to the ICE Broadview detention facility in Broadview, Illinois.

4. ICE did not detain Petitioner's wife or 13-year-old daughter, however, but instead released on an order of recognizance, despite the facts surrounding their entry into the United States and entry date being identical. Petitioner had been working with DHS-issued employment authorization, providing full-time support and care to his minor daughter and wife; he is now unable to work and his family suffers immediate hardship.

5. ICE's custody reversal, done without a lawful custody basis, individualized assessment, or access to a bond process, violates the Constitution and laws of the United States. Petitioner seeks immediate habeas relief, an order requiring a § 236(a) bond hearing (or release), and emergency injunctive relief preventing

transfer outside the Chicago and Northern District of Illinois jurisdiction where he lives and resides with his family. He has no criminal record.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 2241, and under the Constitution and laws of the United States.

7. Declaratory relief is authorized under 28 U.S.C. § 2201, and injunctive relief under this Court's inherent equitable powers.

8. Venue is proper under 28 U.S.C. § 1391(e) because Petitioner is detained within this District at the Broadview detention facility, and Respondents exercise authority within this District.

## III. PARTIES

9. Petitioner Ranzhin Khaidapov is a native of Russia, born March 1, 1987, and has an A-Number 246255136 and resides in Schaumburg, Illinois.

11. Respondent Pam Bondi is the Attorney General of the United States and is responsible for the enforcement of federal immigration laws.

12. Respondent Kristi Noem is the Secretary of the Department of Homeland Security and oversees ICE and USCIS.

13. Respondent Todd M. Lyons is the Acting Director of ICE and is responsible for Petitioner's detention.

14. Respondent U.S. Immigration and Customs Enforcement is the agency currently detaining Petitioner.

15. Respondent Samuel Olsen is the ICE Field Office Director for Enforcement and Removal Operations in Chicago and has immediate field-office authority over Petitioner's custody within this District.

## IV. FACTUAL ALLEGATIONS

16. Petitioner was paroled into the United States together with his wife and daughter and has remained in the community under DHS supervision.

17. Petitioner has no criminal record.

18. Petitioner has never missed an ICE check-in, never absconded, and never violated any condition of release.

19. Petitioner has a pending application with USCIS for asylum, withholding of removal and protection against Torture under Article III of the Geneva Convention as was awaiting an interview on that application with USCIS. He had been authorized to work, which he did full time to support his wife and minor child.

20. On February 17, 2026, Petitioner appeared for a routine ICE reporting appointment, as he had done previously without incident.

21. Without warning, without explanation, and without any change in circumstances, ICE took Petitioner into custody and transferred him to the Broadview detention facility.

22. ICE did not detain Petitioner's wife or minor child.

23. ICE has not provided Petitioner with a lawful custody determination explaining the basis for detention, and Petitioner has not previously been placed in removal proceedings.

24. Petitioner's detention has immediately deprived his family of financial support, stability, and parental care and threatens to impede access to counsel if ICE transfers him outside this District.

**V. THIS COURT'S INTERVENTION IS NECESSARY BECAUSE OF DHS' ACTIONS AND FUTURE CONDUCT**

25. DHS will likely argue that Petitioner is an "applicant for admission" subject to detention under INA § 235(b) and therefore ineligible for an Immigration Judge bond hearing, relying on DHS's current enforcement position and BIA precedent including *Matter of Q. Li*. 29 I&N Dec. 66 (BIA 2025) and *Matter of Yajure Hurtado,* 29 I&N Dec. 216 (BIA 2025). DHS's anticipated position tracks ICE guidance asserting INA § 235, and not INA § 236, is the applicable detention authority for "applicants for admission," and that such individuals are ineligible for a custody redetermination ("bond hearing") before an Immigration Judge. This position has been specifically rejected by many courts within this district.

27. That position does not fit Petitioner's facts or procedural posture. Petitioner was paroled into the United States and then lived in the community under DHS supervision, working pursuant to DHS authorization, supporting his wife and

5

minor child, and appearing for reporting as instructed until ICE abruptly detained him at a routine check-in without any identified change in circumstances.

28. The statutory scheme DHS invokes is titled "Inspection of applicants for admission," and the § 235(b) detention triggers are tethered to inspection/processing at or near the time of entry and/or to DHS's initiation of the specified proceedings; practice guidance explaining § 235 contrasts detention under § 235 with detention under § 236.

29. Critically, § 235(b)(2)(A) by its terms directs detention of an applicant for admission "for a proceeding under section 240." Where DHS has not commenced any such proceeding—including where DHS has not served an NTA and docketed removal proceedings—continued confinement cannot be justified as "detained for a proceeding" that DHS has not initiated.

30. DHS will likely cite *Matter of Q. Li* to argue that once a person is treated as § 235(b) detained, bond is unavailable. But Q. Li turns on a materially different posture: it addresses an individual arrested near the border without a warrant "while arriving," later placed into removal proceedings, and then returned to § 235(b) custody when parole was terminated.

31. Here, Petitioner's detention is not anchored to a border arrest "while arriving" and is not supported by the procedural predicates discussed in Q. Li. Petitioner is detained in the interior after sustained DHS supervision and

compliance, and ICE has not demonstrated that Petitioner is presently being held "for" the § 240 proceeding referenced in § 235(b)(2)(A).

32. Additionally, guidance describing § 235 practice recognizes that non-arriving noncitizens are not properly subjected to expedited removal if they have been admitted or paroled, underscoring that DHS must establish a lawful basis for classifying Petitioner under § 235(b) rather than the general custody statute.

33. By contrast, INA § 236(a) is the general detention statute for individuals present in the United States; the ordinary custody authority under which DHS makes individualized custody determinations and bond eligibility is assessed. DHS's effort to deny any bond process by labeling Petitioner a § 235(b) detainee is an unlawful misclassification on these facts and posture.

34. The Supreme Court's detention cases confirm the continuing role for constitutional scrutiny where detention becomes arbitrary or lacks meaningful process. *Jennings v. Rodriguez* 583 U.S. 281 (2018) rejected a statutory "bond hearing" rewrite but left constitutional challenges to be addressed.

35. *Zadvydas v. Davis* 533 U.S. 678 (2001) confirms that habeas under 28 U.S.C. § 2241 is a vehicle to challenge unlawful immigration detention and that detention statutes cannot be applied to authorize detention untethered to lawful purpose or without constitutional limits.

36. *Demore v. Kim*, 538 U.S. 510 (2003) likewise recognizes detention analysis in light of its limited purpose and duration in aid of removal proceedings, not an open-ended, unexplained custody reversal without meaningful process.

37. The Seventh Circuit recognizes § 2241 habeas as the mechanism for challenging immigration detention and due process violations. The Plaintiff/Petitioner has a (1) "strong showing" that his is likely to succeed on the merits of this action; (2) he will be irreparably injured if the stay is not granted; (3) the issuance of the stay will not substantially injure DHS; and (4) the issuance of the stay will not harm the public interest. *Nken v. Holder*, 556 U.S. 418, 433 (2009)1 (Supreme Court rejecting the government's argument that a movant must provide clear and convincing evidence that the removal order is unlawful, under INA § 242(f)(2), to obtain a stay. *Nken,* 556 U.S. at 432-33, reasoning that this standard should not apply because it would force courts to effectively "decide the merits" of the petition for review to resolve a stay motion. Id. at 432).

38. Relatedly, where emergency interim relief is sought to prevent irreparable harm during immigration litigation, the Seventh Circuit has granted stays and required reasoned treatment of hardship and legal error. *See, for example, Sanchez v. Sessions 17-1673 (7th Cir. 2017),* demonstrating that the Seventh Circuit grants interim relief where warranted while legal issues are adjudicated.

39. Even if DHS were to contend that § 235(b) applies, DHS retains statutory authority to release individuals detained under § 235(b) via parole; practice guidance notes that calling § 235(b) detention "mandatory" is a misnomer because DHS retains parole authority under INA § 212(d)(5).

40. Accordingly, Petitioner is entitled to habeas relief. This Court should order DHS to apply the correct custody statute, provide a prompt bond hearing under § 236(a), or alternatively order immediate release (or release on appropriate conditions) because Petitioner's detention rests on an unlawful misclassification and deprives him of liberty without due process.

## VI. CLAIMS FOR RELIEF

**Count I – Petition for Writ of Habeas Corpus (28 U.S.C. § 2241)**

41. Petitioner is detained in violation of the Constitution and laws of the United States.

42. ICE's custody reversal is unlawful because it is predicated on an asserted § 235(b) authority not supported by the statutory predicates on this record (including detention "for" § 240 proceedings), while the § 236(a) framework, under which individualized custody determinations are made, has been withheld.

43. Habeas relief is appropriate to remedy unlawful immigration detention, and the Supreme Court has repeatedly confirmed the availability of § 2241 habeas to challenge detention under immigration statutes.

**Count II – Declaratory Relief (28 U.S.C. § 2201)**

44. Petitioner seeks a declaration that his detention without an individualized custody determination or access to a § 236(a) bond hearing is unlawful.

**Count III – Injunctive Relief**

45. Petitioner seeks an order requiring ICE to (a) release Petitioner immediately, or (b) provide a prompt § 236(a) bond hearing before an Immigration Judge.

46. Petitioner further seeks an order prohibiting ICE from transferring Petitioner outside the Northern District of Illinois (including from the Broadview detention facility) during the pendency of this action.

## VII. EMERGENCY RELIEF AND IRREPARABLE HARM

47. Petitioner's continued detention causes ongoing irreparable harm: deprivation of liberty, loss of employment and income, and severe hardship to his wife and minor daughter.

48. Transfer outside this District would *irreparably harm* Petitioner's access to counsel and this Court's jurisdiction to provide effective habeas relief.

49. Courts in this District have granted habeas relief requiring a § 1226(a) bond hearing and have issued interim restrictions to prevent removal and transfer outside the region while the habeas petition is pending.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Petitioner respectfully requests that this Court:

A. Issue a writ of habeas corpus ordering ICE to release Petitioner forthwith, or in the alternative order a prompt § 236(a) bond hearing;

B. Declare that Petitioner's detention without an individualized custody determination and access to a § 236(a) bond hearing is unlawful;

C. Enter emergency injunctive relief **prohibiting ICE from transferring Petitioner outside the Northern District of Illinois** during the pendency of this action;

D. Stay Plaintiff's removal pending resolution of this action under the Court's standard established in this Circuit;

E. Award attorney's fees and costs under the Equal Access to Justice Act;

F. Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,


/s/ *Christopher W. Helt, Esq.*
Attorney for Plaintiff/Petitioner,


Dated: February 17, 2026


The Helt Law Group, LLC.
10 S. Riverside Plaza
Suite 875
Chicago, Illinois 60606
(312) 266-0531
No. 06220675